DANIEL J. MURPHY *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk. March 2, 1881. — June 28, 1882. DEVENS, W. ALLEN & C. ALLEN, JJ., absent.

If a railroad corporation so constructs a private crossing over its track, at grade, in a city, that it is held out as a suitable place for foot passengers to cross, it is liable in damages for an injury sustained by a person, using due care, who is thereby induced to enter upon the crossing, and is injured by the negligence of the corporation or its servants. And if the plaintiff at the time he was injured was on that part of the crossing so constructed, it is no defence to an action by him against the corporation for such injury, that he entered upon the crossing at a place not so constructed.

A refusal to give an instruction based upon a part of the evidence only, affords no ground of exception.

If a railroad corporation so constructs a private crossing over its track, at grade, in a city, as to hold it out as a suitable place for foot passengers to cross, it is bound to use reasonable precautions to protect them while so crossing.

TORT for injuries sustained by the plaintiff by being struck by the defendant's cars. Trial in this court, before *Morton*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff was struck by the defendant's cars, while he was crossing its tracks between South Street and Albany Street, both largely travelled public streets and thoroughfares, in Boston, at a place where a public street called Harvard Street, which ended at Albany Street, would have passed if extended to South Street. Said crossing was between, and a mode of access to, two freight-houses of the defendant.

It was admitted that this crossing was not a public way, and that the defendant had planked the same and kept a flagman there, and it appeared that large numbers of vehicles and men on foot crossed there without prohibition. The jury viewed the premises, and the plaintiff contended that it appeared from this view, and the evidence in the case, that the defendant had so arranged this crossing with planking and paving as to make it an apparent continuation of Harvard Street from Albany Street to South Street, and thus held it out to the world as a public crossing, and induced plaintiff to cross there. The plaintiff was a pupil at a public school, and crossed the tracks on the way from his home to said school, as he had frequently done before.

The plaintiff contended that the defendant was negligent in backing its train around the curve over the crossing without proper warning or precaution against accident, in omitting to provide another flagman to guard the crossing, in giving the flagman who was there too much other work to attend to, and in the failure of the flagman to attend to his duty. The evidence was conflicting as to where the plaintiff crossed and was injured.

The defendant requested the judge to instruct the jury as follows: "1. Such inducement could only relate to the place or section thus planked and paved, and if the plaintiff, without any action or direction on the part of the defendant or its servants, passed over the tracks elsewhere than on such place or section, and was struck on the tracks, and not upon that place or section,

or would not have been struck if he had kept wholly upon the planking or paving, he cannot recover in this action. 2. If the only inducement or invitation to cross the tracks, at or near the place where the plaintiff was injured, was by fitting the crossing with such planks and paving as would enable persons transporting goods to and from the defendant's freight-houses adjoining to pass conveniently, and placing one flagman there and not objecting when other persons and vehicles also crossed, — these facts alone are not evidence of an invitation or inducement to persons who had no occasion to go to those freight-houses for goods or business, and especially are not evidence, without something else, of any invitation or inducement to young boys on their way to a school, who could conveniently reach the same by another somewhat longer way, to come over such crossing to such school. 3. If the only invitation or inducement given to the plaintiff to cross the tracks was by paving and planking the crossing, and placing one flagman, charged with certain duties, at that crossing, and permitting vehicles and footmen to cross over it, this invitation or inducement was only to cross on the pavement and planking laid down, and with such protection as that one flagman could conveniently and reasonably give in the performance of those duties; and that no person, acting on that alleged inducement or invitation, had a right to hold the corporation responsible for any want of due care in not providing additional protection. 4. Any action or arrangement of the defendant, in regard to the alleged crossing, by planking, paving, permitting vehicles or persons to cross, leaving, placing or omitting to place any sign designating the crossing as dangerous, as a private way or a street, or stationing one flagman there, if it operated or could operate as an inducement or invitation to cross at all, could operate only as an inducement or invitation to use the crossing solely in the manner, over the ground, and with the protection actually provided and arranged, set apart and given by such action or arrangement, and did not create any obligation or duty to provide additional protection by another flagman or otherwise, or protection over or upon any other ground or place."

Upon the matters embraced in these requests, the judge instructed the jury, that it was for them, on all the evidence, to

say whether the defendant had held out this crossing as a proper place for all persons, including the plaintiff, to cross, and thus, by its invitation, induced the plaintiff to cross there, and whether the defendant had laid out the crossing with planking and other appliances in such a way as to hold it out to the world as a suitable railroad crossing, so that it would appear to any one to be a continuation of Harvard Street and a suitable place to cross; that the question was whether it was so constructed as that it was held out as a suitable place for foot passengers; that if it was held out as a suitable crossing for foot passengers, it would only permit foot passengers to use the crossing to the same extent to which the railroad had laid it out and prepared ·it for use; it would not allow foot passengers to go either on one side or the other of the planking or crossing as prepared for use by the railroad, and cross the track in any other direction or in any other mode; it would at most be only. an invitation or permission for them to cross upon the crossing as laid out by the railroad company, and if the plaintiff went off the crossing on the track, and was walking or standing upon the track when he was struck, he could not recover; that the questions of the plaintiff's care and the defendant's negligence were for the jury; that it was for the jury to decide what the railroad company, if it had thrown this crossing open for the use of the public, and invited the public to use it, ought reasonably to be required to do at that place, considering all the circumstances, in order fairly to protect the public; and, if it did not do that, it would be guilty of negligence which would render it liable; and that the plaintiff could not recover unless he satisfied the jury that he was acting rightly, in the use of a proper degree of care, and that the injury was occasioned by some negligent act on the part of the defendant. The judge refused the several requests of the defendant, except so far as they were covered by the foregoing instructions.

The jury returned a verdict for the plaintiff in the sum of $5000; and the defendant alleged exceptions.

*G. S. Hale*, for the defendant.

*W. W. Blackmar*, for the plaintiff.

FIELD, J. The instructions given were in accordance with the law as laid down in *Sweeny* v. *Old Colony & Newport Railroad*,

10 Allen, 368. In that case there was evidence that the flagman made a signal with his flag, indicating that it was safe to cross ; in other material respects the cases are similar. If there was evidence sufficient for the jury to find that the defendant held. out the crossing as a suitable place for foot passengers to cross, so that the plaintiff may be said to have attempted to cross as he did, by the inducement or invitation of the defendant, then the instructions were correct. But if the plaintiff attempted to cross merely by the license or permission of the defendant, then there must be a new trial.

The distinction between an inducement or invitation, on the one hand, and a license or permission, on the other, was somewhat elaborately discussed in the opinion in *Sweeny* v. *Old Colony & Newport Railroad.* A single extract from that opinion is as follows: " It cannot in any just view of the evidence be said that the defendants were passive only, and gave merely a tacit license or assent to the use of the place in question as a public crossing. On the contrary, the place or crossing was situated between two streets of the city, (which are much frequented thoroughfares,) and was used by great numbers of people who had occasion to pass from one street to the other, and it was fitted and prepared by the defendants with a convenient plank crossing, such as is usually constructed in highways, where they are crossed by the tracks of a railroad, in order to facilitate the passage of animals and vehicles over the rails. It had been so maintained by the defendants for a number of years. These facts would seem to bring the case within the principle already stated, that the license to use the crossing had been used and enjoyed under such circumstances as to amount to an inducement, held out by the defendants to persons having occasion to pass, to believe that it was a highway, and to use it as such." That case, as the court say, did not rest on these facts alone, but we think this is a correct statement of the law, and the authorities are cited in that opinion.

The exceptions in this case do not purport to give all the instructions which the court gave, but only the instructions upon the subjects embraced in the request of the 'defendant; neither do they purport to give all the evidence upon the question whether the defendant corporation had held out this crossing as

a highway, and thus induced the plaintiff to use it as such; but enough appears in the exceptions to warrant the jury in finding that it had.

The court gave in substance all that is contained in the first request of the defendant, unless the words "or would not have been struck if he had kept wholly upon the planking or paving" be taken to mean that the plaintiff cannot recover, although struck while on the planking or paving, if at any time he had been off the planking or paving while crossing, and if his position on the planking and paving, if he had not been off, would have been such that he would not have been struck. If these words mean this, they ought not to have been given. The manner in which the plaintiff crossed the tracks may be evidence upon the questions whether he was in the exercise of due care, and whether the defendant exercised due care toward him; but, apart from this, it was no defence to prove that, at some time before the accident, the plaintiff had been where he had no right to be, or that, if the plaintiff had taken some other course, he would not have been struck.

The second request relates only to a part of the evidence, and the court was not bound to give instructions as to the effect of a part of the evidence.

The third and fourth requests in part were given as follows: "that if it was held out as a suitable crossing for foot passengers, it would only permit foot passengers to use the crossing to the same extent to which the railroad had held it out and prepared it for use; it would not allow foot passengers to go either on one side or the other of the planking or crossing as prepared for use by the railroad, and cross the track in any other direction or in any other mode." The remainder of these requests, to the effect that, if the facts set out could operate as an invitation or inducement, they could only operate as an invitation or inducement to use the crossing with the protection actually provided and arranged, and did not create any obligation or duty to provide additional protection, was rightly refused, and the instructions given in place thereof were correct. *Bradley* v. *Boston & Maine Railroad*, 2 Cush. 539. *Linfield* v. *Old Colony Railroad*, 10 Cush. 562.

If the defendant held this out as a public crossing, and thus induced or invited the public to use it as such, it was bound to use reasonable precautions to protect the public when using it under this inducement or invitation.     *Exceptions overruled.*