JOHN M. PHILLIPS & others *vs.* BARTHOLD SCHLESINGER
& another.

Suffolk.   Jan. 16. — June 27, 1884.   C. ALLEN & HOLMES, JJ., absent.

In an action by the owner of a vessel against the owner of a dock, for injuries
occasioned to the vessel by taking ground while entering the dock, it appeared
that the vessel drew more water than the defendant had guaranteed; that,
after the vessel arrived in port, the charterer directed the master, in the pres-
ence of the defendant's agent, and without objection by him, to go to the de-
fendant's dock; that the defendant's stevedore gave instructions as to the
manner of going to the dock, and told the master not to go there in the night,
as it was a bad place; and that the vessel in attempting to go into the dock at
night was injured by taking ground. *Held*, that the jury would not be war-
ranted on this evidence in finding for the plaintiff.

TORT for injuries received by the plaintiffs' schooner, by
taking ground while entering the defendants' dock in Boston.
At the trial in the Superior Court, before *Staples*, J., the jury
returned a verdict for the plaintiffs ; and the defendants alleged
exceptions, which appear in the opinion.

*L. S. Dabney*, for the defendants.

*P. West*, for the plaintiffs.

W. ALLEN, J.   The defendants are liable only for injuries
occasioned in a use of the dock by the plaintiffs which they
were invited or induced by the defendants to make.   *Carleton*
v. *Franconia Iron & Steel Co.* 99 Mass. 216.   *Nickerson* v. *Tir-
rell*, 127 Mass. 236.   *Murphy* v. *Boston & Albany Railroad*, 133
Mass. 121.

In the contract for coal with the Chesapeake and Ohio Rail-
way Coal Agency, the charterer of the plaintiffs' schooner, the
defendants guaranteed thirteen feet of water ; that was no invi-
tation for a vessel drawing fourteen feet and three inches.   The
only invitation to bring the plaintiffs' schooner to the wharf was
what might be implied from the silence of the defendants' super-
intendent when he heard the agent of the charterer, after the
arrival of the vessel in Boston, direct the plaintiff to proceed to
the wharf; and in what was said by the defendants' stevedore,
who gave instructions as to the manner of coming to the wharf,
and who, as the master of the schooner, a witness for the plain-
tiffs, testified, said to him, " Captain, let me tell you, don't you

come in there with your vessel in the night. It is a bad place; don't you come in there unless I am there, or some one else, to tell you where to place your vessel."

The master testified, that he went to the dock in a boat, and sounded with an oar and a line, and concluded that he could get up in the night and without help; and that, without informing the stevedore of his intention to do so, he attempted to bring his vessel to the wharf in the night, and when no one was there, and in doing so got aground. There was no invitation to use the dock in the manner in which the plaintiffs used it. The invitation or inducement extended no further than to use the dock to get to the wharf in the daytime, and when some agent of the defendant was present to direct or assist, and excluded coming in the night, and when no one acquainted with the dock was there; and when the captain used the dock for the purpose of bringing his vessel to the wharf in the night, and without assistance, he was not acting on any invitation or inducement offered by the defendants, but on his own judgment and responsibility.                    *Exceptions sustained.*