OLE M. TOMLE

v.

LEAH J. HAMPTON.

*Filed at Ottawa June 15, 1889.*

1. HIGHWAY—SIDEWALK—*what so regarded—private ground adjacent to sidewalk.* If one connects a part of his own premises with a public sidewalk, he thereby invites the public to treat the part so connected as belonging to the sidewalk, and can not be heard to say that the whole is not a public way.

2. NEGLIGENCE—*dangerous condition of private property adjacent to a public sidewalk—duty of the owner.* Where the owner of land invites the public to make use of it, by connecting it with a public sidewalk, he must exercise due care to keep the premises in a reasonably safe condition. So, if a hole in a stone platform between a building and a street, open to the public use as a part of the street, is necessary to light the basement, and it can be made safe by a railing, or otherwise, it is the duty of the owner making the platform, to use ordinary care and diligence to make and keep such opening reasonably safe.

3. NUISANCE—*upon leased premises—who liable for injury therefrom—the landlord or the tenant.* As a general rule, the occupant, and not the owner, is responsible for injuries arising from a failure to keep the premises in a proper state of repair. But when premises are let with a nuisance upon them, by means of which the injury complained of is received, the owner or landlord will be liable.

4. The owner of a lot erected a building thereon, with the front six feet back from the street, with a basement under the same. He laid a stone flagging between the building and the sidewalk, thus forming a stone walk or platform six feet wide, slightly raised above the level of the sidewalk. It was necessary to step up on this platform to enter the stores in the building, and persons along the sidewalk walked over it, and stood upon it to look into the show windows put into the building by the owner. Just below the show window there was an opening to the basement, five feet long and ten inches wide, to admit light to the basement, the opening being left unguarded and unprotected, by a railing or otherwise. In this condition the store was rented to tenants, and a person, in looking in the show window after dark, fell into the opening and was injured : *Held,* that the owner of the building was liable for the injury.

5. In such case, the owner was the author of the nuisance, and being such author, when he leased the premises he was guilty, in law, of continuing the nuisance, and was liable for the damages it occasioned.

6. INSTRUCTION—*defect is cured by others.* An omission in an instruction, even if error, is no ground for a reversal, if the defect is clearly supplied and corrected in others given. In such case the error works no injury.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. CHARLES WHEATON, for the appellant:

The lessor of premises not *per se* a nuisance, but which become so only by the manner in which they are used by the lessee, is not liable therefor. *Jaffe* v. *Harteau,* 56 N. Y. 398; *Ryan* v. *Wilson,* 87 id. 471; *Swords* v. *Edgar,* 59 id. 28; *Robbins* v. *Jones,* 109 Eng. C. L. 220; *Burdick* v. *Cheadle,* 26 Ohio St. 393; *Mellen* v. *Merrill,* 126 Mass. 545; *Leonard* v. *Storer,* 115 id. 86; *McAlpine* v. *Powell,* 70 N. Y. 126; *King* v. *Thompson,* 87 Pa. St. 365.

The case of *Jordin* v. *Crump,* 8 M. & W. 782, is a case in point on that question. Also, *Seavey* v. *Nickerson,* 120 Mass. 306, *Sweeney* v. *Railroad Co.* 10 Allen, 368, and *Har* v. *Deacon,* 25 Mich. 1, the latter being a case of a child falling into an excavation on another's land. All these cases go upon the principle that the owner is not liable unless those injured were on the owner's premises by his invitation or inducement,— which brings us back to the principle, that he who holds out the invitation is the one who is liable for all injuries occasioned thereby.

It does not appear that, under the lease in this case, appellant was bound to repair. Therefore, the lease being silent as to who should make repairs, it was the duty of the lessee to keep the premises in repair. *Gott* v. *Gandy,* 22 Eng. L. and Eq. 173; *Leavitt* v. *Fletcher,* 10 Allen, 121; *Elliott* v. *Aiken,* 45 N. H. 36; *Estep* v. *Estep,* 23 Ind. 114; *City of Lowell* v. *Spaulding,* 4 Cush. 277; *Clark* v. *Babcock,* 23 Mich. 164.

The owner being out of possession, and not bound to repair, is not liable for injuries received in consequence of a neglect to repair. *Russell* v. *Shenton*, 3 A. & E. (N. S.) 449; *Bishop* v. *Bedford Charity*, 1 E. & E. 697; *Cheetan* v. *Hampton*, 4 T. R. 318; *Opperman* v. *Starr*, 2 Pa. St. 394.

When premises are leased for a specified purpose, there is no implied contract that they are fit for the purpose. *Foster* v. *Peyser*, 9 Cush. 242; *Dutton* v. *Gerrish*, id. 89; *Libbey* v. *Talford*, 48 Me. 316; *Cleves* v. *Milloughly*, 7 Hill, 83; *Jaffe* v. *Harteau*, 56 N. Y. 398; *Erskine* v. *Adeau*, 6 Eng. 594.

The second instruction given for the appellee is erroneous, as it leaves out of view entirely the question of ordinary care on the part of the plaintiff.

Mr. A. J. HOPKINS, Mr. N. J. ALDRICH, and Mr. F. H. THATCHER, for the appellee:

It is a general rule, that the owner of a building which is occupied by a tenant, is not responsible for injuries arising from a failure to keep the premises in repair, unless, first, the landlord has, by express agreement with the tenant, agreed to repair, so that in case of a recovery against the tenant he would have his remedy over, and in that case, to avoid circuity of action, the party injured may, in the first instance, sue the landlord; or, second, unless the premises are let with a nuisance upon them, by means of which the injury complained of is received. *Gridley* v. *Bloomington*, 68 Ill. 47; Wharton on Negligence, sec. 727 a; Wood on Nuisance, sec. 141; *Peoria* v. *Simpson*, 110 Ill. 294; *Union Brass Manf. Co.* v. *Lindsey*, 10 Bradw. 583.

A judgment will not be reversed although some of the instructions may be technically wrong, where they are not calculated to mislead the jury, or justice has been done. *Hardy* v. *Keeler*, 56 Ill. 152; *Railroad Co.* v. *Ingraham*, 58 id. 120; *Graves* v. *Shoefelt*, 60 id. 462; *McConnel* v. *Kibbe*, 33 id. 177; *Pahlman* v. *King*, 49 id. 266.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action of case, begun on September 26, 1884, in the Circuit Court of Kane County, by the appellee by her next friend against the appellant to recover damages for injuries, received by appellee from a fall through a hole in the stone sidewalk platform below the show window of a store, owned by the appellant, fronting on Wilson Street in the town of Batavia. The judgment of the trial court was in favor of the plaintiff and has been affirmed by the Appellate Court. From the latter court the case is brought before us by appeal.

The appellant owns a building consisting of three stores fronting south on Wilson street, which runs east and west. The middle store at the time of the accident, which occurred on October 10, 1883, was occupied by tenants of the appellant named Vincent & Patchin, druggists. The store was first leased by the plaintiff to Vincent & Patchin in the spring of 1880, and again in the spring of 1883. The building stood back six feet from the sidewalk, and appellant had laid stone flagging between the stores and the sidewalk, forming a stone walk or platform six feet wide in front of the stores, and slightly raised above the level of the sidewalk. It was necessary to step up upon this platform to enter the stores, and persons passing along the sidewalk walked upon it and stood upon it to look into the show windows. The drug store had a basement about nine feet deep with an outside entrance from the stone walk. The appellant had put a show window in the drug store for his tenants, and just below this window there was an opening to the basement, five feet long and ten inches wide, without any railing or protection of any kind. The opening was there before the premises had been rented to the druggists. After dark on the evening of October 10, 1883, the appellee, then a girl nine years old, went to the drug store on an errand for her parents, and, stopping in front of the window to look at some articles on exhibition there, fell through the opening into

the vault below, and received the injuries, for which the suit
is brought.

The appellant questions the correctness of the instructions
given by the trial court, because they hold that there can be
a recovery against the owner of the property under the fore-
going state of facts. It is contended that, if the plaintiff below
had any right of action at all, it was against the tenants who
were in the occupancy of the premises when the accident oc-
curred.

As a general rule the occupant, and not the owner, is re-
sponsible for injuries arising from a failure to keep the prem-
ises in a proper state of repair. But one of the exceptions to
this rule is, "where the premises are let with a nuisance upon
them by means of which the injury complained of is received."
In such case the owner is liable. (*Stephani* v. *Brown*, 40 Ill.
428; *Gridley* v. *City of Bloomington*, 68 id. 47; *City of Peoria*
v. *Simpson*, 110 id. 294). In the present case it is admitted,
that the opening through which the plaintiff fell, existed with-
out any guard or protection before the lease was made to the
tenants. It is claimed, however, that the opening in the stone
platform was not a nuisance within the meaning of the excep-
tion to the rule. One of the reasons urged in favor of this
position is, that the opening was upon the premises of the
appellant, and, therefore, not a part of the street.

Although the area under the stone platform was a part of
the appellant's property, yet he so constructed the platform
that the latter was really a part of the sidewalk. It was so
situated with reference to the sidewalk that any person could
walk upon it, or make use of it in approaching the store or
the show window. It was subject to the constant use of the
general public in passing along in front of the store. If a man
connects a part of his own premises with a public sidewalk,
he thereby invites the public to treat the part so connected as
belonging to the sidewalk, and cannot be heard to say that
the whole is not a public way. Therefore, the opening in the

platform, or raised portion of the sidewalk, was as much a nuisance as though it had been in the lower level of the main walk. A nuisance is anything that worketh hurt, inconvenience or damage. (3 Bl. Com. 216).

It is admitted that the appellant made the opening below the show window as it was when the appellee was hurt. He was therefore, the author of the nuisance, and, being such author, when he leased to others, he was guilty in law of continuing the nuisance. He rented the premises with the original wrong attached to them. The lease affirmed the continuance of the wrong. He received rent as a consideration of the continuance, and should answer for the damage it occasioned. (*Stephani* v. *Brown, supra*).

The evidence tends to show, that, before the accident happened, the attention of the appellant was called to the dangerous character of the opening, and he was advised to fix it by Patchin, one of his tenants, and by the road commissioner appointed by the trustees of the town of Batavia. These warnings, however, he neglected to heed. We are of the opinion, that the instructions were not erroneous in holding, that a recovery could be had against the owner of the store, if the jury should find a recovery authorized by the evidence.

The appellant objects to the second instruction given for the plaintiff, because it fails to mention the exercise of ordinary care on the part of the plaintiff as being necessary to justify a recovery. Even if the second instruction was erroneous in this respect, we do not think that the defendant was injured thereby when all the instructions are read together. In several of them the jury are told that the plaintiff must have been in the exercise of ordinary care. In one of them, given by the court of its own motion, occurs the following: "It is another rule of law, that, though the defendant may be guilty of negligence, the plaintiff cannot recover unless she was in the exercise of ordinary care and caution to avoid danger." In still another the person entitled to recover is described as

"a person in the exercise of reasonable care and diligence in using such approach for the purpose for which it was constructed."

It is claimed that the object of the opening was to admit light to the basement below, and that, if it was reasonably necessary for that purpose, the appellant is not chargeable with negligence for placing and keeping it there. Where a man invites the public to use a part of his land by connecting it with the public sidewalk, he must exercise due diligence to keep it in a reasonably safe condition. This obligation rested upon the appellant in reference to the hole in the stone platform. If the hole was needed to get light for the basement, and it could have been made to serve that purpose in a safe condition, as well as in an unsafe condition, then it was appellant's duty to make it safe. The evidence tends to show, that it could have been protected by a railing, or in some other mode, so as not to be dangerous to persons passing by, and yet at the same time so as to furnish the needed light. This view was fairly presented to the jury by the instructions. They were told that the appellant was only bound to use due care to make the opening reasonably safe, and to keep it in a reasonably safe condition, and that, if he complied with this requirement of the law, he had a right to make it subserve the purpose of furnishing light to his basement.

All questions as to the amount of the verdict and the character of the injuries received by appellee are settled by the judgment of the Appellate Court. We perceive no error in the record, which will justify a reversal.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*