# Richmond.

## Chesapeake and Ohio Railway Co. v. Jennings.

### ·February 8, 1900.

1. Contract for Sale of James River and Kanawha Canal—*Act Authorizing Same—Subsequent Tort by Purchaser—Jurisdiction.*—Sections 3 and 4 of the act approved February 27, 1879 (Acts 1878-9, page 119), relating to the sale of the property of the James River and Kanawha Canal Company to the Richmond and Alleghany Railroad Company, were intended to cover actions to enforce the contract authorized by said act for the transfer of the property of the former company to the latter, brought by parties to the contract, or persons directly interested in its enforcement, and has no relation to torts thereafter inflicted by the purchaser of the property, or its successors. There is nothing in said act to deprive local courts of jurisdiction over suits for such torts committed within their territorial limits.

2. Bridge—*Obligation to Maintain—Case at Bar.*—The obligation to maintain and keep in repair the bridge mentioned in the declaration in this cause arises out of the interference by the James River and Kanawha Canal Company with the highway, and is not a condition on which the franchises were granted that company, and hence is a continuing obligation on the successors of that company ·so long as such interference continues.

3. Bridge in Highway—*Private Benefit—Obligation to Maintain.*—Where a bridge in a public highway is rendered necessary by the private use of the highway, and it is built for private benefit, no presumption of acceptance of it by the public, to be maintained at public expense, arises from its free and open use by the public.

4. Negligence—*Fast Riding Over Bridge.*—Riding over a bridge faster than a walk, though unlawful, is not negligence *per se.* Whether or not the gait or speed was, in the particular case, negligence, and, if so, whether it contributed to the injury received on the bridge, are questions for the jury.

5. Negligence—*Statutes Against Fast Riding on Bridge—Statutes Enacted*

Opinion.

*for Public Safety.*—The statute prohibiting persons from riding over a bridge faster than a walk was enacted for the preservation of bridges, and, on questions of negligence, stands on a different footing from statutes enacted for the public safety.

6. NEGLIGENCE—*Violation of Law—Effect on Act.*—It is not contributory negligence *per se* for the injured party at the time of the injury to be engaged in a violation of law. Such violation does not put him out of the protection of the law, nor at the mercy of others. But if such violation contributed to his injury, he cannot recover therefor.

7. NEGLIGENCE—*Proximate Cause.*—Negligence, no matter of what it consists, cannot create a cause of action unless it is the proximate cause of the injury complained of. The two must concur.

8. INSTRUCTIONS—*Misleading or Confusing.*—An instruction should not be given which tends to mislead or confuse the jury, or which is contradictory of an instruction already given.

Error to a judgment of the Circuit Court of Fluvanna county, rendered September 24, 1898, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Henry T. Wickham, Henry Taylor, Jr.,* and *A. K. & D. H. Leake,* for the plaintiff in error.

*D. Harmon* and *F. C. Moon,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is an action of trespass on the case, brought by Felix H. Jennings against the Chesapeake and Ohio Railway Company to recover damages for an injury alleged to have been sustained by him in consequence of the negligence of the defendant in keeping in repair a certain bridge. The verdict and judgment in the court below was against the defendant, for $550 damages, and the case is before us upon a writ of error.

The declaration contains three counts. The first alleges that the defendant owned a strip of land along James river, in the county of Fluvanna, called its right of way, and that, at a certain point within the corporate limits of the town of Scotts-

ville, there was a bridge, across which was a public highway from Scottsville to the county of Fluvanna, which bridge was on the land of, and owned and operated by, the defendant; that the erection and maintenance of the bridge was rendered necessary by the mode adopted for the construction of the defendant's works, and that it was the defendant's duty to keep said bridge in good order and repair; that it failed so to do, and suffered said bridge to get out of repair, and that, in riding across said bridge, the plaintiff's horse put his foot in a hole therein and fell, breaking plaintiff's leg.

The second and third counts allege, in addition to the averments in the first count, that the James River and Kanawha Company so constructed its canal and works that said bridge was rendered necessary in order that no obstruction might be occasioned the public use of the highway by the company's works, and that it became the duty of the James River and Kanawha Company to construct and perpetually maintain said bridge, and that, under the acts of the General Assembly of Virginia therein referred to, it was the duty of the defendant, as the successor of the said James River and Kanawha Company, to maintain and keep in repair said bridge, &c.

There was a demurrer to the declaration, and to each count thereof, which was overruled, and this action of the Circuit Court constitutes the defendant's first assignment of error.

The act of the General Assembly of February 27, 1879, Acts 1878-'9, p. 119, referred to in the declaration, authorized the James River and Kanawha Company to make sale and transfer of its works, &c., to the Richmond and Alleghany Railroad Company by a contract, the terms of which were defined in the act; and when the sale and transfer were made, this act was incorporated in and became a part of the contract. Section 3 of the act invested the Board of Public Works with authority to institute all suits necessary for the enforcement of the contract, and section 4 gives the Circuit Court of the city of Rich-

mond exclusive jurisdiction of all suits in respect to that contract, whether brought by the Board of Public Works or others, and the Board of Public Works is declared to be a necessary party to such suits. The provisions of that act are continued in force by section 1327 of the Code, so far as the same has not been carried into effect.

It is contended that this suit is brought upon the theory that the defendant has failed to perform a duty which, under that contract, it owed to the public, viz: the maintenance in good order of a bridge in a public highway; that, if any such duty devolved upon the defendant, it could only have done so by virtue of the contract; and its failure to perform that duty would have been the omission to perform a public duty in respect to the contract, as to which the Circuit Court of the city of Richmond has exclusive jurisdiction, and therefore the demurrer to the declaration should have been sustained.

This contention is without merit. The suit here is against the defendant as the successor in title to the property, works and franchises of the James River and Kanawha Company, and sections 3 and 4 of the act referred to in the declaration merely intended to cover actions to enforce the contract for the transfer of the property, works, &c., of the James River and Kanawha Company to its successor, the Richmond and Alleghany Railroad Company, brought by persons who were parties to the contract, or directly interested in its enforcement. It could not possibly have been intended to cover actions for a tort which might thereafter arise for an injury inflicted by the Richmond and Alleghany Railroad Company, or the defendant, its successor in title, upon persons not parties to the contract, or interested in its enforcement. This is not, in any sense, an action to enforce that contract, or "in respect to it"; hence the Board of Public Works would not be a proper party thereto; nor is the Circuit Court of Fluvanna county ousted of its jurisdiction of the case by the provisions of the act.

It is further contended that the defendant is absolved from any liability for the injury alleged in the declaration, by reason of the fact that the seventh clause of section 1 of the said act of February 27, 1879, provides that the compliance on the part of the Richmond and Alleghany Railroad Company with the sixth and seventh clauses of that section, as defined therein, " shall be a sufficient compliance with all the conditions on which the franchises of the James River and Kanawha Company were heretofore granted," with a proviso which declared, among other things, that nothing contained in that act should release the Richmond and Alleghany Railroad Company from maintaining farm bridges over any portion of the canal not filled up, or from obligations resting upon the James River and Kanawha Company to erect bridges or make earth fillings and keep the same in repair, where the canal crossed the streets of any city, "if such obligation exists."

A careful examination of the provisions of that act does not sustain the construction that the defendant's counsel contend for.   The obligation, if any, to maintain and keep in repair the bridge in question arises out of the interference by the James River and Kanawha Company with the highway, and not as a condition on which the franchises were granted the company.

It is further argued that the demurrer to the declaration should have been sustained, because it discloses that the bridge, upon which it is alleged that plaintiff's injury was sustained, is in a public highway, and although the erection of the bridge became necessary by reason of the mode adopted by the James River and Kanawha Company in the construction of its works, it is presumed to be a public bridge; that it is there by lawful authority for the public benefit, and therefore the town or county in which it is located is bound for its maintenance and repair.

"A bridge may be free and open to the public, yet the person by whom it was constructed be charged with maintaining it in

safe and convenient condition for travel. This is so where the facts show that the bridge was erected for private benefit, and not for public use. In such a case, there is no presumption that the public has accepted the bridge and relieved the person by whom it was built from responsibility. Thus where a private corporation digs a raceway or a canal across a highway and built a bridge over it there is no presumption of acceptance by the public, and the builder is charged with the duty of keeping it in safe condition. In such case the benefit is to the builder; for the public, but for his act, could have travelled on the solid road. Where, however, the bridge is of public utility, and is not made necessary by the act of the person who built it, acceptance by the public will be presumed, and the builder will not be responsible for keeping it in safe and fit condition." Elliott on R. & S., 22. To the same effect are the decisions in the cases of *Heacock* v. *Lockwood*, 14 Wend. 58; *Dygert* v. *Schenck*, 23 Wend. 447; *Inhabitants of Woburn* v. *Henshaw*, 101 Mass. 193; *Campbell* v. *Boyd*, 88 N. C. 129; *West Bend* v. *Mann*, 59 Wis. 69.

In the last named case it was held that where a party cuts a raceway across a public highway he is bound to bridge it, and keep the bridge in repair, and subsequent grantees under him are under the same liability to keep up the repairs.

We are of opinion that the declaration in this case sets out a good cause of action, and that the demurrer was properly overruled.

After all the evidence had gone to the jury the defendant asked for six instructions. The court gave Nos. 1, 2 and 6, and modified No. 3, but refused Nos. 4 and 5, and this action of the court constitutes the defendant's second assignment of error.

The instructions as given are as follows:

No. 1. " The court instructs the jury that, in order to entitle the plaintiff to recover in this action, he must show to the satis-

faction of the jury, by a preponderance of legal evidence, that he was injured in the manner and from the causes in the declaration mentioned; and if the jury believe from the evidence that the bridge in the declaration mentioned was defective or insecure, and that the plaintiff was injured in consequence of such defect or insecurity, but that if he had exercised ordinary care and prudence in riding over said bridge he would not have been injured, then they must find for the defendant."

No. 2. "The court instructs the jury that if they believe from the evidence that the bridge in the declaration mentioned was defective and unsafe, but that such defect or insecurity was not the cause of the accident to the plaintiff, resulting in the injury complained of, they must find for the defendant."

No. 3. "The court instructs the jury that the plaintiff had no lawful right to ride over the bridge in the declaration mentioned faster than a walk, and if they shall believe from the evidence that the plaintiff was injured in riding over said bridge, and that the bridge was defective, as alleged in the declaration, and that the plaintiff was riding faster than a walk, and if the jury shall further believe from the evidence that such riding was negligent, and that it contributed in any way to the injury to the plaintiff, they must find for the defendant."

No. 6. "The court instructs the jury that if they believe from the evidence that the plaintiff, in riding across the bridge at the time he was hurt, failed or omitted to observe that care which a man of reasonable prudence would have exercised under the circumstances, such failure or omission on his part was negligence."

Section 3863 of the Code provides that "if any persons ride or drive over a bridge faster than a walk he shall be fined five dollars," and plaintiff admitted in his own testimony before the jury that he was riding at the time of his alleged injury "in a slow pace, a little faster than his horse could walk," and the

evidence as to the gait or speed at which he was riding is con-
flicting. Instruction No. 3, as asked by the defendant, stated
as a positive rule of law that "such riding was negligence on his
part." It is, however, modified by a statement of the rule that
such negligence must have contributed to the injury, but that
does not, as plaintiff contends, in any sense impair the positive
assertion of an independent proposition of law, in the first part
of the instruction, that riding faster than a walk was *per se*
negligence.

The instruction was properly modified by the court, and as
given, it went as far as it should have gone when it told the
jury that riding over the bridge faster than a walk was unlaw-
ful, and rightly left to the jury to determine whether such riding
was negligence, and whether the negligence contributed in any
way to the injury of the plaintiff.

There is a marked distinction between the effect upon the
right of a plaintiff to recover for an injury, when it is shown
that he was at the time violating a statute, the object of which
is to prevent undue wear and tear of bridges, and the effect upon
the defence of contributory negligence when it is shown that
the defendant has failed to perform a positive duty imposed
upon him by law, having for its object the protection of the
public. Hence the decisions of this court in *A. & D. R. Co.* v.
*Reiger*, 95 Va. 426; and *Simons* v. *Southern Rwy. Co.*, 96 Va.
155, relied on by defendant's counsel, have no application to this
case.

It is not contributory negligence *per se* for the injured party
at the time of injury to be engaged in a violation of law, either
positive or negative. 7 Enc. of Law (new ed.), 401.

The fact that a party injured was at the time violating the
law does not put him out of protection of the law. He is never
put by the law at the mercy of others. If he is negligently
injured on the highway he may have redress, notwithstanding
at the time he was on the wrong side of the way, provided this

fact did not contribute to the injury. Cooley on Torts, 181. Among the authorities cited in support of this text is the case of *Baker* v. *Portland*, 58 Me. 199, in which it was strenuously insisted that before the jury could find for the plaintiff for an injury sustained by him when violating a city ordinance prohibiting driving faster than six miles an hour in the streets of Portland, they must find that the plaintiff was not violating the law, but the court held that an instruction which told the jury that if plaintiffs were driving at a faster rate than six miles an hour when thrown from the carriage, yet if such driving did not in any degree contribute to produce the injuries complained of, it would be no bar to their right to recover, corrrectly propounded the law. See, also, *Damon* v. *Scituate*, 119 Mass. 66; *Hall* v. *Ripley*, *Ibid.* 135; *Town of Cullman* v. *McMinn* (Ala.), 19 So. Rept. 981; Elliott on R. & S., 623.

The element of proximate cause must be established, and will not be presumed from the fact that an ordinance or statute has been violated, and even where the defendant rests under the imputation of negligence by reason of a violation of duty imposed by an ordinance or statute, the negligence, no matter of what it consists, cannot create a right of action unless it is the proximate cause of the injury complained of by the plaintiff. Elliott on Roads, 1025-3.

Defendant's instruction No. 4, refused, is as follows:

" If the jury believe from the evidence that the plaintiff was injured by his horse getting his foot in a hole in the bridge, as in the declaration mentioned, and that he was riding over said bridge faster than a walk, but that if he had exercised ordinary prudence and rode across said bridge at a walk he would not have been injured, they must find for the defendant."

This instruction is substantially the same as No. 3, as it would, in effect, have told the jury that riding across the bridge

faster than a walk was negligence *per se,* taking from the jury
the right to determine whether or not the gait or speed at which
the plaintiff was riding was negligence, and, if negligence,
whether that negligence in any way contributed to his injury.
For the reasons already stated, and the additional reason that
the instruction is contradictory of Instruction No. 3 as given
by the court and plainly calculated to confuse, if not mislead,
the jury, it was rightly refused.

Instruction No. 5, refused, is to the effect that the jury should
find for the defendant, unless they believed that the bridge in
question was on the defendant's land. This instruction was also
properly refused. The important point of enquiry in the case
was not the situation of the bridge, except that it was in the
highway, but whether or not the duty rested on the defendant
to maintain and repair it.

The remaining assignment of error is to the refusal of the
court to set aside the verdict of the jury and grant the defendant
a new trial.

The instructions as given by the court below correctly pro-
pounded the law applicable to the evidence in the case, and
while the court does not, in the bill of exceptions upon which
this assignment of error rests, say in so many words that it con-
tains all of the evidence, the record does show, in our opinion,
that it contains all the evidence that was before the jury.

We have given the evidence a careful consideration, and are
unable to say that it is plainly insufficient to sustain the verdict.

The judgment complained of must be affirmed.

*Affirmed.*