### Kate Wheeler v. The Pullman Palace Car Company.

#### Gen. No. 12,880.

1. PERSONAL INJURIES—*when landlord not liable for.* A landlord is not liable for personal injuries to one going upon demised premises unless it appears that the landlord demised such premises with a nuisance existing upon them. The liability for such personal injuries, if any, is in the tenant.

Action in case for personal injuries.  Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1906.  Affirmed. Opinion filed February 1, 1907.

**Statement by the Court.**   This is a suit to recover for personal injuries and, by agreement of parties, it was submitted to the court for trial without a jury. The court found defendant not guilty, and gave judgment accordingly.

Defendant was owner of premises upon which the accident occurred causing the injuries complained of. At the time of the accident they were leased to one Broadhead, who conducted there his business as keeper of a grocery and meat market.   The premises were originally constructed for residence purposes, and the building stood about eight feet back from the sidewalk.   The first floor occupied as the store room was about four feet above the ground and entrance to the store was by means of two doors, one at the north and the other at the south ends of the store.   These doors were reached by separate flights of steps, there being six steps from the surface of the ground to the platform from which the doors were entered.   This platform ran along the front of the store connecting the two doors and was about four feet three inches wide, the same width between the doors as in front of them.   There was no railing on the front of this platform nor on the sides of the steps ascending thereto, except that at the north end of the north flight of steps there was a railing extending from the wall of the building to the bottom of the steps.   This railing separated the north door of the store from the entrance to the premises next north and adjoining.

The accident occurred about the middle of September, shortly after eight o'clock in the evening.   The plaintiff was not residing in the neighborhood and had never been on the premises before.   She had been visiting her sister, who was a regular customer there,

and who accompanied her to make some purchases. She was accompanied also by her young son, who as they left the store preceded her and was going down the steps as plaintiff got outside. Thinking that the steps ran across the entire front of the platform leading down therefrom, she got a little too far to one side and stepped off, falling to the ground a distance of about four feet, receiving the injuries complained of.

There is evidence tending to show that the lessee of the premises had previously said to the janitor whose business it is said to have been to look after repairs, that he would like to have the steps in front of his store constructed so as to cover the whole front of the platform and store between the two entrance doors.

COBURN & CASE and E. J. WHITEHEAD, for plaintiff in error.

F. B. DANIELS, WILLIAM BURRY and F. B. JOHNSTONE, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of plaintiff that the court erred in finding the issues for and rendering judgment in favor of the defendant, the contention being that "where premises are demised with a nuisance upon them by means of which an injury complained of is received, the landlord is liable therefor, provided he knew of the same or his ignorance thereof is attributable to the want of reasonable diligence on his part."

In Tomle v. Hampton, 129 Ill. 379, relied upon by plaintiff's attorneys, it is said that an exception to the general rule that the occupant and not the owner is responsible for injuries caused by failure to keep the premises in a proper state of repair, is "where the premises are let with a nuisance upon them by

means of which the injury complained of is received.''
The question is presented, therefore, whether the absence of a railing along the front of the platform connecting the two entrance doors to the grocery store constituted a nuisance.

In Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322-326, in a quotation from Heeg v. Licht, 80 N. Y. 579, it is said that any unwarrantable, unreasonable or unlawful use by a person of his own property, real or personal, to the injury of another comes within the definition of a nuisance and renders the owner or possessor liable for all damages arising from such use.   There was nothing, we think, in the conditions shown in the present case that can reasonably bring it within such definition. . Plaintiff was injured by stepping off of the platform under the mistaken impression that steps extended along its whole front, whereas in fact there were no steps leading up to it except those directly in front of the doors.   In Tomle v. Hampton, *supra,* it is said that ''if a man connects a part of his premises with a public sidewalk, he thereby invites the public to treat the part so connected as belonging to the sidewalk and cannot be heard to say that the whole is not a public way.''   It is upon the existence of such conditions in that and similar cases that the liability of the landlord seems to have been rested.   In the case at bar the only connection with the public sidewalk was the steps leading up to each door.   There was no invitation for the public to enter or leave the premises except by the steps.   These were perfectly safe.   There was nothing out of repair.   There was no excavation, no latent or concealed defect nor anything insecure in the construction of the steps or platform, nothing unwarrantable, unreasonable nor unlawful.

The absence of the railing was obvious.   Any one using ordinary care to look before stepping could not make a mistake in the daytime such as was made in this instance by plaintiff at night.   If, as there is evi-

dence tending to show, the accident occurred because of the absence of sufficient light in the night time to enable plaintiff to see where she was about to step, it was not the fault of the landlord.    It was the occupant's business to furnish light enough if necessary to make entrance or exit to his premises safe for his customers.    As said in Mellen v. Morrill, 126 Mass. 545, a case where the landlord was sued under conditions not unlike those in the case before us, ''the plaintiff can hold the defendant liable only upon the ground that he was guilty of negligence toward her.'' In that case it was further said that if the tenant used the premises so as impliedly to invite people to visit them in the night it was his duty to make them safe by a railing or by a light or other warning.    It was not the duty of the landlord.    See also Ten Broeck v. Wells Fargo, 47 Fed. Rep. 690.

Finding no error, the judgment of the Superior Court must be affirmed.

*Affirmed.*