# Richmond.

## HICKS v. CHESAPEAKE & OHIO RAILWAY Co.

### DECEMBER 9, 1903.

### Absent, Buchanan, J.*

1. CHESAPEAKE AND OHIO RAILWAY COMPANY—*Public Highways—Repairs.*—The obligation of the Chesapeake & Ohio Railway Company, if any, to keep in repair bridges on its right of way which constitute a part of the public highway, is a common law liability growing out of the interference of its predecessor in title with the public highway, and is not a charter obligation.
2. MUNICIPAL CORPORATIONS—*Streets—Power and Duty to Control.*—When a municipality is empowered to control and keep its streets in order it is charged with a positive duty to do so, of which it cannot relieve itself by any act of its own. All municipalities are so empowered in this State by Code, section 1038.
3. MUNICIPAL CORPORATIONS—*Streets—Dedication—Acceptance—Ultra Vires Act.*—While a town cannot convey the rights of the public in its streets, nor transfer to others its duty in respect thereto, it may assume exclusive control over and responsibility for its streets, and release third persons from any responsibility in relation thereto, and a deed duly signed and delivered by which a town assumes such control of a bridge within its corporate limits, and releases a third party from all duty, obligation or liability in respect thereto, constitutes a dedication of the bridge to the public use, and a complete and formal acceptance thereof by the town.

Error to a judgment of the Circuit Court of Fluvanna county in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

*Judge Buchanan was detained at home by sickness.

The opinion states the case.

*D. Harmon* and *F. C. Moon,* for the plaintiff in error.

*A. K. Leake, H. T. Wickham* and *Henry Taylor, Jr.,* for the
defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the plaintiff in error to recover
damages for an injury alleged to have been sustained in conse-
quence of the negligent failure of the defendant in error to keep
in repair a certain bridge located within the corporate limits
of the town of Scottsville.   There was a demurrer to the declara-
tion and each count thereof, which was overruled as to the first
and second, and sustained as to the third count.   There was no
error in this action of the court.

The third count was based upon the theory that the defendant
company rested under some statutory or charter obligation of its
predecessors in title to maintain the bridge.   The Act of Assem-
bly relied on to support this view has been construed by this
court, in the case of another bridge on this same road, not within
the limits of the town of Scottsville, and it has held that the
obligation, if any, to maintain and keep in repair the bridge then
in question, arose not from a charter obligation, but from the
common law liability growing out of the interference by the
James River and Kanawha Canal Company with the public
highway.   *Ches. & Ohio R. Co.* v. *Jennings,* 98 Va. 70, 34 S.
E. 986.

In addition to the general issue, the defendant company filed
three special pleas.   The court having overruled a motion to
exclude these pleas, the plaintiff craved oyer of the deed men-
tioned in plea No. 1 and demurred to that plea.   The court over-
ruled this demurer and rendered judgment for the defendant
company.

The defence set up by plea No. 1 is, that the bridge in ques-

tion is, and was, at the time the James River and Kanawha Canal was constructed, within the limits and jurisdiction of the town of Scottsville, a municipal corporation chartered under the laws of Virginia, and that on the 29th of April, 1886, before the commencement of this suit, the town of Scottsville, under and by virtue of an ordinance of its Council, made, sealed and delivered to the Richmond and Alleghany Railroad Company, the predecessor in title of the defendant company, a deed, wherein it released and discharged the Richmond and Alleghany Railroad Company, its successors and assigns, from all duty, obligation or liability to keep in proper order and repair the bridge in question and the highway upon which it was located, and agreed to assume and did thereafter assume and take upon itself the duty, obligation and liability from which it released the predecessor in title of the defendant company, its successors and assigns.   The truth of these averments is admitted by the demurrer to the plea and shown by the deed mentioned, from which it appears that for a valuable consideration the town of Scottsville did release the Richmand and Alleghany. Railroad Company from all obligation to maintain the bridge in question, and did assume and take upon itself all duty, obligation and liability with respect thereto.

The second and third pleas aver that the Richmond and Alleghany Railroad Company, in 1886, dedicated the highway, on which the bridge is located, to the town of Scottsville, and that it was accepted by the town for the public use.   And plea No. 3 further avers that the town, after such dedication and acceptance, erected the bridge in question.

The general law of the State confers upon the town of Scottsville, as upon all municipalities, the power to control and keep its streets in order.   Code of 1887, sec. 1038.   When a municipality is empowered to control and keep its streets in order, it is charged with a positive duty to do so, and it cannot be relieved from this duty by any act of its own.   *Noble* v. *City of Richmond,* 31 Gratt. 271, 31 Am. Rep. 726.

The contention that the contract between the town of Scottsville and the Richmond and Alleghany Railroad Company is *ultra vires* is not tenable. The town cannot cede away the rights of the public to its streets, or transfer to others its duties and obligations with respect thereto, but it is not unlawful for the municipality, as in the case at bar, to assume the exclusive control and responsibility for its streets. The town of Scottsville had the lawful right to terminate the divided authority over the street in question, existing between itself and the railroad, and in making the contract under consideration, by which it assumed the exclusive and undisputed control over its highway, it was only taking upon itself the duty and responsibility imposed upon it by the common law and by statute. The contract in question constitutes a dedication of the bridge by the railroad to the town for the public use, and a complete and formal acceptance thereof by the town, and the defendant in error is thereby released from all responsibility to the public in the premises.

The judgment complained of must be affirmed.

*Affirmed.*