## Richmond

KATHERINE K. VOTSIS V. WARD'S COFFEE SHOP, INCORPO-
RATED, AND BUD'S SUPER MARKET, INC.

January 14, 1977.

Record No. 751460.

Present, Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Frank F. Arness (Nunnally & Arness*, on brief), for plaintiff in error.

*Richard S. Harman; Worth D. Banner (Douglas B. Smith; Seawell, McCoy, Dalton, Hughes, Gore & Timms; White, Reynolds, Smith, Winters & Lucas*, on briefs), for defendants in error.

COMPTON, J., delivered the opinion of the court.

In this negligence case, we consider the liability of occupiers of private property, abutting a public sidewalk, for injuries sustained by a pedestrian who fell on that portion of the

sidewalk which was used as a driveway from a public street into the property, a parking lot.

Appellant Katherine K. Votsis, the plaintiff below, sued the City of Norfolk and appellees Ward's Coffee Shop, Incorporated and Bud's Super Market, Inc. for damages allegedly sustained in February of 1974 in that city. Plaintiff alleged in her amended motion for judgment, as to Ward's and Bud's (hereinafter referred to as defendants), that she was walking along a public sidewalk when she fell as a result of "a dangerous and defective condition in said sidewalk" which existed in that portion of a driveway extending from the curb of Hampton Boulevard, a public street, across the sidewalk to a parking area occupied, maintained and controlled by defendants. She also alleged such driveway was "constructed, controlled, used and maintained by said defendants for their own special use and benefit."

Additionally, she alleged defendants "permitted, allowed and directed vehicular traffic, both automobiles and trucks, over said public sidewalk from Hampton Boulevard in which the curb had been cut away to make [such] driveway" and that the defendants "knew or should have known that the . . . sidewalk was not adequately constructed to carry [the] heavy and frequent vehicular traffic", which caused the "undermining and breaking down of the . . . sidewalk's foundation, resulting in the dangerous defect, causing the plaintiff's fall and injuries".* She charged that defendants had a duty "of constructing, using, maintaining, and repairing such driveway crossing the aforesaid public sidewalk" so as to keep the sidewalk "reasonably safe for the use of pedestrians traversing it."

Demurrers filed by defendants were sustained by the trial court on the ground the city had the non-delegable duty "to exercise reasonable care in keeping the streets and sidewalks over which [it had] exclusive power and control in a reasonably safe condition for travel by the public" and that such duty cannot, even partly, be imposed on the occupants of abutting property under the facts here alleged. We awarded plaintiff a writ of error to the August 6, 1975 final order below which dismissed the action as to defendants.

---

* A precise description of the alleged defect does not appear in the amended motion for judgment.

■ Viewing the allegations of the amended motion for judgment as we must on demurrer, and accepting as true all material facts which are well-pleaded but not necessarily approving the conclusions of law stated by the pleader, *Ames* v. *American National Bank*, 163 Va. 1, 37-38, 176 S.E. 204, 215-16 (1934), the sole issue is whether the plaintiff has set forth a cause of action against the defendants. More precisely, the question is whether, under the facts alleged, there is a duty upon the occupants of private property abutting a public sidewalk to maintain such sidewalk in a safe condition for use by the public.

■ In Virginia, a city has the positive and non-delegable duty to keep and maintain its streets and sidewalks in repair and in safe condition for public travel. The city is not an insurer against injuries, but it is liable for a negligent failure to discharge the duty. *City of Richmond* v. *Branch*, 205 Va. 424, 428, 137 S.E.2d 882, 885 (1964); *Noble* v. *City of Richmond*, 72 Va. (31 Gratt.) 271, 274-75 (1879). Plaintiff acknowledges the foregoing general rule and agrees there is no duty upon the abutting property owner or occupier, merely because he is an abutter, to maintain the safe condition of the adjacent public sidewalks. She urges us, however, to apply an exception to the general rule and hold that where, as here, a defect in a public sidewalk "is created as the result of the special use for the benefit of" the abutter, and such condition is the proximate cause of injuries to a pedestrian thereon, the abutter may be held liable. *See* Annot., 88 A.L.R.2d 331, 383-86, and cases there collected. Plaintiff's contention is that since the driveway over the sidewalk was especially advantageous to defendants, i.e. it afforded vehicle access to the private parking area jointly serving their businesses, then such special use and benefit imposed a duty upon defendants, coexistent with that of the city, to maintain the sidewalk in a reasonably safe condition. We do not agree and affirm.

■ We must examine carefully the factual allegations of the plaintiff's pleading because the decision, of course, must be confined to such facts. An inquiry into these facts will disclose that the case does not involve alleged negligent construction by defendants. Plaintiff alleges she fell because of a defect in "the public sidewalk." This is a claim that the defect causing the fall was in the *sidewalk* and not in any portion of the private driveway which may have existed on private property outside the boundary of the sidewalk. This is also a claim that the

sidewalk, including the area over which vehicles drove to the defendants' parking lot, was constructed by the city. Plaintiff also alleges defendants constructed the *driveway*. But the only driveway "construction" occurring on public property, according to the pleading, was the mere cutting away of the street curb to enable vehicles to pass across the sidewalk into the parking lot unimpeded by the curb. There is no claim defendants had lowered, raised, or otherwise altered the surface of the sidewalk during driveway "construction". So, the defect causing the injury was created by usage of the sidewalk, which the plaintiff says was "special", and not by any construction on the part of defendants.

But under these facts, we decline to apply any exception which may exist to the foregoing general rule. Here, the use by defendants of this public sidewalk was lawful and normal; it was lawful because there is no allegation the driveway was constructed and used without permission of the city. The use was normal because it is claimed only that ordinary vehicular traffic moved across the walk to obtain ingress to and egress from the parking area. Utilization of the public sidewalk for such function is perfectly proper and incidental to use of abutting property for either business or residential purposes. In sum, under these circumstances, the mere fact defendants received a benefit in the form of ready access to their private off-street parking area imposes no duty on them to pedestrians to maintain and repair the public sidewalk. That positive and non-delegable duty remains entirely with the city. *See Johnson* v. *J. S. Bell & Company,* 202 Va. 274, 277, 117 S.E.2d 85, 88 (1960); *Pioneer Const. Co.* v. *Hambrick,* 193 Va. 685, 692-94, 70 S.E.2d 302, 307-08 (1952); *Hicks* v. *Chesapeake & Ohio Ry. Co.,* 102 Va. 197, 45 S.E. 888 (1903).

Consequently, no duty existing on defendants, there is no negligence, and the plaintiff has not stated a cause of action. For these reasons, the judgment of the trial court dismissing the amended motion for judgment as to Ward's Coffee Shop, Incorporated and Bud's Super Market, Inc. will be

*Affirmed.*