## CIRCUIT COURT OF FAIRFAX COUNTY

Tysons Toyota, Inc.

v.

Commonwealth Life Ins. et al.

August 9, 1990

Case No. (Law) 94638

By JUDGE THOMAS J. MIDDLETON

The Court had this matter under advisement on plaintiff's motion to overrule the four multi-part demurrers of all the defendants. The Motion for Judgment alleges ten counts against eight defendants. The counts allege that the defendants made it possible for Horvath, the plaintiff's former C.E.O., to own and profit from stock in defendant reinsurance companies. It is also alleged that the defendants made it possible for Horvath to conceal these profits: they communicated only with him, hand-delivered distributions directly to him, and failed to include the stock and its profits in the plaintiff's financial reports. The parties argued the demurrers and submitted briefs which exhaustively address the arguments supporting and opposing the demurrers. Without specifically addressing each of these arguments in detail, the Court denies several grounds of demurrer but sustains demurrers to all ten counts for the reasons which follow.

The Court sustains the demurrers to Counts V, VI, VII, and X, without granting leave to amend, because the defendants' arguments convince the Court that Virginia law would not recognize separate, independent actions predicated on such conduct. Counts V, VI, and VII purport to allege conspiracy to commit bribery, conspiracy to commit embezzlement, and conspiracy to disseminate deceptive or misleading statements relating to insurance (from insurers to their agents regarding the nature and amount of commissions obtainable by those agents). The Court agrees with the defendants that Virginia law would not recognize civil causes of action for bribery, for embezzlement, or for dissemination of deceptive or misleading statements by insurers to their agents (regarding the nature and amount of commissions obtainable by those agents). Because such causes would not be actionable in Virginia in the absence of a conspiracy, the plaintiff cannot state a civil cause of action merely by alleging an unlawful agreement to commit them. If the Court were to allow plaintiff to maintain such actions, the Court would be granting a remedy outside the scope of the civil conspiracy action, which imposes vicarious liability on co-conspirators for torts committed in furtherance of the conspiracy -- not for the independent tort of agreeing to act in concert. Therefore, the plaintiff cannot state any independent conspiracy actions in Counts V, VI, and VII.

With regard to Count X, there is no authority which would support an independent action for aiding and abetting. Failed counts cannot be rescued from oblivion merely by adding a separate count which concludes that unspecified defendants aided and abetted unspecified conduct in some unspecified way at some unspecified time. A defendant who aids and abets in the commission of a tort may be jointly liable for that tort, but he is not liable for a separate tort of aiding and abetting. *Cf. Dangerfield v. Thompson*, 33 Gratt. (74 Va.) 136 (1880) (trespasser who incited another trespasser to "fire a salute" was liable as a joint tortfeasor for the assault on the man shot), *cited* in *Ratcliff v. Walker*, 117 Va. 569, 85 S.E. 575 (1915) (when actors operating under a common understanding and with a common design are present at the commission of a wrong and encourage or incite the commission of that

wrong, they may be held liable as joint tortfeasors). Plaintiff cannot state an independent cause of action in Count X.

The Court grants leave to amend Counts I, II, III, IV, VIII, and IX because their defects may be curable. As currently pleaded, these counts are so vague, indefinite, and conclusory that they fail to state any cause of action against the defendants. Allegations of tortious interference with prospective business relations, fraud, conspiracy, conversion, and misappropriation of corporate opportunities are conclusions of law from facts; it is axiomatic that a plaintiff must plead material facts from which such allegations arise. Instead, the plaintiff merely asserted the conclusions, and demurrers do not admit the correctness of legal conclusions, *e.g.*, *Arlington Yellow Cab Co. v. Transportation, Inc.*, 207 Va. 313, 149 S.E.2d 877 (1966).

Plaintiff's factual allegations do not support the allegations of civil conspiracy. Counts I, II, III, and IV of the Motion for Judgment purport to state causes of action against the defendants for conspiring with each other and with Horvath to enable Horvath to maliciously injure the plaintiff's business, to defraud the corporation, to appropriate a corporate opportunity, and to convert payments and stock belonging to plaintiff. The Motion for Judgment fails to allege any facts showing when or how any defendants entered the same conspiracy to commit these torts. Moreover, conspiracy counts must also factually allege how defendants combined to achieve an unlawful purpose or how the conspiracy used any wrongful means to accomplish a lawful purpose. *Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396, 337 S.E.2d 744 (1985); *also see Glass v. Glass*, 228 Va. 39, 321 S.E.2d 69 (1984) (minority shareholders could not maintain action for civil conspiracy to prevent them from selling their stock at a fair price when the allegations failed to show that collective action by majority shareholders or officers and directors was either wrongful *per se* or accomplished by any unlawful means).

Plaintiff alleged neither unlawful purposes nor unlawful acts. No facts show that Horvath misappropriated a corporate opportunity belonging to plaintiff -- or that any defendants combined for the purpose of enabling him to do so. No facts show that Horvath converted any assets

belonging to plaintiff -- or that any defendants combined for the purpose of enabling him to do so. No facts show that Horvath committed fraud against the plaintiff-- or that any defendants combined for the purpose of enabling him to do so. No facts show that either Horvath or any defendants were inspired by any overriding purpose of maliciously injuring plaintiff -- or that any defendants conspired for this purpose.

The Motion for Judgment alleges no facts showing any wrongful or malicious purpose by any combination of defendants (with each other or with Horvath). The Motion for Judgment asserts that two defendants acted for the purpose of inducing Horvath to sell its policies. No allegations show why it would have been wrongful for them to do so. This purpose appears to be lawful; indeed, it suggests that these defendants were motivated by self-interest, rather than by the malice needed to sustain a conspiracy action under Va. Code Ann. § 18.1-500 (1988 Repl. Vol.). The Motion for Judgment also asserts that the purpose of the conspiracy was to enable Horvath to own and profit from ownership of the Commonwealth corporations. There is nothing facially wrongful -- or malicious -- in this purpose. Directors and officers of corporations are not precluded by their fiduciary duty from entering even similar businesses -- nor do they interfere with their corporations' business merely by doing so. *Sternheimer v. Sternheimer*, 208 Va. 89, 97, 155 S.E.2d 41 (1967)(quoting 19 Am. Jur. 2d, *Corporations*, § 1282). Plaintiff must allege facts showing why such purpose would be wrongful.

Nor does the Motion for Judgment allege how the presumed conspiracy employed any wrongful means to accomplish its objective. Plaintiff suggests that the defendants' failure to present the offer of the stock to plaintiff's entire board of directors was wrongful, but there appears to have been no legal duty for the defendants to have presented such an offer to the board. Plaintiff also maintains that the defendants wrongfully concealed these transactions from plaintiff; but, even if the defendant Furr paid Horvath directly and the defendant Cameron intentionally omitted the payments from plaintiff's financial reports, these actions do not show that any combination used wrongful means. No specific allegations connect Cameron to any conspiracy between the defendants Globe, Virginia Surety,

the Commonwealth Companies, Furr, Ryan, Volatile, and Horvath; without such allegations, Cameron's omissions cannot be attributed to that conspiracy. Moreover, plaintiff alleged no facts showing how the stock or payments legally belonged to plaintiff; without such allegations, nothing shows why it would have been wrong for Furr to pay Horvath directly--or why Cameron should have included such payments in plaintiff's financial reports. The Motion for Judgment thus fails to allege any wrongful means or purpose of an unlawful combination, so the Court sustains the demurrers as to Counts I, II, III, and IV.

Counts VIII and IX also fail to state any cause of action. These counts purport to allege tortious interference with prospective business relations. Count VIII alleges tortious interference against all the defendants (other than the defendant reinsurance companies) for interfering with plaintiff's prospective relationships with the defendant reinsurance companies. A cause of action for tortious interference with prospective business relations arises from an intentional, improper interference with a prospective business relationship or expectancy, which interference prevented the plaintiff from realizing the expectancy and thereby damaged the plaintiff. *Glass v. Glass*, 228 Va. at 51-53. To establish the element of causation, a plaintiff must allege facts showing a reasonable certainty that he would have realized the beneficial business expectancy absent the defendant's intentional misconduct. *Id*. Count VIII fails primarily because plaintiff has not alleged any facts showing this essential element of causation. Count IX suffers from the same defect; in addition, it utterly fails to identify any specific prospective business relationships with which the defendants knowingly interfered. The demurrers to both counts are therefore sustained.

On the other hand, the Court disagrees with the arguments advanced in support of three grounds of demurrer. First, the bar of the statute of limitations is not cognizable in a demurrer, Va. Code Ann. § 8.01-235 (1984 Repl. Vol.), *construed in Commonwealth ex rel. Pross v. Board of Supervisors*, 225 Va. 492, 494, 303 S.E.2d 887 (1983) (dictum; failure of appellants to assign it as an error on appeal prevented reversal on that ground). Demurrers premised on the bar of the statute of limitations are therefore overruled. Second, it is not an accurate statement

of law that a plaintiff can only state a conspiracy cause of action against a conspirator who is an officer of a corporation by alleging that the officer exceeded the scope of his employment or acted only in his own interest; if a conspiracy count is sufficient in other respects, a plaintiff need only allege that unrelated co-conspirators conspired with the corporation and its officer or director. Any demurrer on that ground is overruled. Third, it is axiomatic that conspirators may be jointly liable for wrongs committed by co-conspirators (of the same conspiracy), even if each co-conspirator did not actively participate in each wrongful act committed in furtherance of the conspiracy. The Court therefore overrules demurrers (to the first seven counts) which rely on a contrary premise.

For the foregoing reasons, the Court sustains in part and denies in part the demurrers to all the counts. The plaintiff may amend Counts I, II, III, IV, VIII, and IX.