## CIRCUIT COURT OF FAIRFAX COUNTY

Margery Johnson

 v.

Managed Investments et al.

 v.

City of Fairfax

### Case No. (Law) 87953

By JUDGE JACK B. STEVENS

### October 24, 1990

This matter has been under advisement by the Court to consider Third-Party Defendant City of Fairfax's Demurrer to the Third-Party Motion for Judgment. In essence, the Court has been asked to consider whether the notice provisions of § 8.01-222 apply to third-party actions for contribution or indemnity against a municipal defendant.

The City urges that the notice specified in § 8.01-222 is mandatory, citing *Town of Crewe v. Marler*, 228 Va. 109 (1984). The Court has reviewed the written comments from counsel and also considered *Gemco-Ware, Inc. v. Rongene Mold and Plastics*, 234 Va. 54, 360 S.E.2d 342 (1987), and the case law of sister states who have spoken to this specific issue, and has concluded that the notice provisions of § 8.01-222 are not applicable in this case.

Although this specific issue has not been answered directly in Virginia, the Court feels that the language of *Gemco-Ware* allows a decision in accordance with the majority of states who have addressed the matter. Specifically, the Court stated:

> [I]n order for contribution to lie, the injured party's cause of action against the third-party defendant need not be *presently* enforceable; it merely is necessary that the plaintiff, at *some time* in the past, have had an enforceable cause of action against the party from whom contribution is sought. *Id.* at 58, 360 S.E.2d 342 (emphasis in original; citations omitted).

The plaintiff in this case, Ms. Johnson, had an enforceable cause of action against the City during the six months following her injury, so long as she satisfied the notice requirements. According to *Gemco-Ware*, her failure to pursue that claim does not shield the City from a third-party suit for contribution or indemnity.

Accordingly, Third-Party Defendant, City of Fairfax's Demurrer is denied. For a list of jurisdictions and cases holding in accordance with the Court's ruling herein, *see Stephens v. McBride*, 105 Ill. App. 3d 880, 435 N.E.2d 162 at 164-65 (1982).

October 26, 1990

It has been brought to the Court's attention that the opinion letter dated October 24, 1990, was premature, in that it was issued before counsel for the City of Fairfax had an opportunity to respond to the Third-Party Plaintiff's memorandum and the Court to consider that response. For this reason, the Court has reconsidered the case, taking into account the matters brought up in the City's response.

The City urges that *Norfolk Southern R. Co. v. Gretakis*, 162 Va. 597, 174 S.E. 841 (1934), and *VEPCO v. Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981), preclude the Court from allowing contribution because the original plaintiff cannot maintain a suit against the City. The Court finds, as did the Supreme Court in *Gemco-Ware, Inc. v. Rongene Mold & Plastics*, 234 Va. 54, 360 S.E.2d 342 (1987), that

these cases are distinguishable. In both the *Gretakis* and *VEPCO* factual situations (parent/child and Workman's Compensation), the original plaintiffs *"never* had an enforceable cause of action against the target of the contribution claim." *Id.* at 58, 360 S.E.2d 342 at 344. That was not true in *Gemco*, nor is it true in the case at bar.

In *Gemco*, the original plaintiff *had* an enforceable cause of action against the third-party defendant, but it was barred by the Statute of Limitations at the time of filing of the third-party complaint for contribution. Here, the plaintiff Johnson *had* an enforceable cause of action against the City, but it was barred by failure of the plaintiff to give the statutory notice required by § 8.01-222, Code of Virginia (1950), as amended, at the time of the filing of the third-party complaint for contribution. As the Court stated in *Gemco*:

> [I]n order for contribution to lie, the injured party's cause of action against the third-party defendant need not be *presently* enforceable; it merely is necessary that the plaintiff, at *some time* in the past, have had an enforceable cause of action against the party from whom contribution is sought . . . .

234 Va. at 58.

For the foregoing reasons, the Court again finds in accordance with its opinion letter of October 24, 1990, and overrules the Demurrer of the City.

November 14, 1990

This matter has been under advisement by the Court to consider Third-Party Defendant City of Fairfax's Motion for Summary Judgment and Motion to Sever. The issue in the Summary Judgment Motion is whether the removal of snow and ice from property the City owns (or possesses an easement on) is a proprietary or governmental function.

The City offers two cases in support of its proposition that snow and ice removal is a governmental function, shielded by sovereign immunity. The first, *Fenon v. City of Norfolk*, 203 Va. 551, 125 S.E.2d 808 (1962), discusses emergency cleanup measures after a national disaster,

Hurricane Donna. The second, *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 254 S.E.2d 62 (1979), discusses the maintenance of traffic signals. In both cases, the Court suggests that the purpose of protecting the general public health and safety is the distinguishing feature of a governmental function. The City argues that since snow and ice removal is for the general public health and safety, that it is necessarily a governmental function.

This Court disagrees. While the *Fenon* and *Transportation, Inc.* cases may be helpful in situations where an activity has not been delineated as governmental or proprietary, that is not the case here. Virginia has long recognized a City's duty to keep and maintain its streets and sidewalks in repair and safe condition for public travel. In *City of Norfolk v. Hall*, 175 Va. 545, 552, 9 S.E.2d 356, 359 (1940), the Court stated:

> It has long been well settled in this state that it is the duty of a city to keep and maintain its streets in repair and in a safe condition for travel, free from defects and obstructions.
> Although it is not an insurer against accidents on its streets, *a city is liable for injuries sustained by reason of its failure to keep them in a reasonably safe condition* for persons who exercise ordinary care and prudence for their own safety. (Emphasis added).

Later, in *Votsis v. Ward's Coffee Shop*, 217 Va. 652, 654, 231 S.E.2d 236, 237 (1977), the Court reiterated this position by saying:

> In Virginia, a city has the positive and nondelegable duty to keep and maintain its streets and sidewalks in repair and in safe condition for public travel. The city is not an insurer against injuries, *but it is liable for a negligent failure to discharge the duty.* (Emphasis added; citations omitted).

Finally, in *Taylor v. Newport News*, 214 Va. 9, 10, 197, S.E.2d 209, 210 (1973), the Court specifically answered the question presented in the case at bar when it stated:

> The municipal collection of garbage is a governmental function . . . . On the other hand, *municipal maintenance of public streets and sidewalks is a proprietary function.* (Citations omitted; emphasis added).

In the case at bar, Ms. Johnson complains that she suffered injuries as a result of negligent removal of snow and ice. Removal of snow and ice is unlike the regulation of traffic discussed in *Transportation, Inc.,* and unlike the emergency cleanup of a disaster site, discussed in *Fenon.* Removal of snow and ice is a common and predictable part of the yearly maintenance and upkeep of public streets and sidewalks. According to *Taylor,* this is a proprietary function, to which sovereign immunity does not apply. Accordingly, the Motion for Summary Judgment is denied.

Having denied the City's Motion for Summary Judgment, the Court must address the City's Motion to Sever under Rule 3:10 of the Rules of the Virginia Supreme Court. This motion is well taken since the City has had less than four months to prepare for trial. The Motion to Sever is granted.