## CIRCUIT COURT OF FAIRFAX COUNTY

Robert Goodrich

 v.

Mark P. Friedlander, Jr., et al.

June 10, 1992

Case No. (Chancery) 124755

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on Robert Goodrich's demurrer to the cross-bills filed by the Virginia Foundation for Independent Colleges and Mark P. Friedlander, Jr. After hearing oral argument, the Court took the matter under advisement for the parties to submit memorandums in support of their positions. Upon review of the arguments of counsel and applicable law, the Court sustains the demurrer.

Goodrich filed a bill of complaint seeking a declaration from the Court as to the proper interpretation of a term in a will. The will at issue contains a "no-contest" clause, which provides that:

> In the case any heir, devisee or beneficiary of . . . my [will] . . . shall endeavor in any way to contest in any court . . . this [will], or the validity thereof, or its due or proper execution, or the provisions applicable to him or her, or any other provisions, or shall in any way question any acts in making this will or any of its provisions, then, in that event, such contestant shall thereupon forfeit . . . any right, title and interest in, under or to any portion of my estate or any property devised or bequeathed to such person . . . .

Friedlander, who is the executor of the estate, and the Virginia Foundation for Independent Colleges filed cross-bills. In the cross-bills, they contend that Goodrich has violated the no-contest clause and has forfeited his rights under the will by filing the bill of complaint.

A condition in a will against contesting a will or attempting to set it aside is generally held valid and enforceable when the condition is broken. *See Womble v. Gunter*, 198 Va. 522, 525 (1956). What activity or participation constitutes a contest or attempt to defeat a will depends upon the wording of the "no-contest" provision and the facts and circumstances of each particular case. *Id.* at 529.

Under generally accepted principles of law, however, the commencement of an action for construction of a will does not violate a "no-contest" clause. *See* 80 Am. Jur. 2d *Wills* § 1572. In an action to secure an interpretation of a will, the beneficiary's assertion of the construction which he believes to be the correct one is not a contest, since in such case he is merely seeking to give effect to the real intent of the testator. *See generally* Annotation, *What Constitutes Contest or Attempt to Defeat Will Within Provision Thereof Forfeiting Share of Contesting Beneficiary*, 49 A.L.R. 2d 198 § 5 (1956). An action to construe a will thus is not an attempt to thwart the testator's intent by voiding the will or any of its parts, but to ascertain the true intent. *See id.* at § 3.

Although the Virginia Supreme Court has never formally adopted the above rule with respect to an action to construe a will, dicta in the *Womble* case supports this conclusion. In *Womble*, the court commented as follows:

> The general rule is that a resort to the means provided by law for attacking the validity of a will amounts to a contest, although the contestant subsequently withdraws before the final hearing and even though the contestant subsequently treats the will as valid and seeks construction.

*Womble*, 198 Va. at 529. The language in the latter part of the sentence implies that an action which treats the will as valid and merely seeks construction, without any prior attempt to attack the validity of a will, would not amount to a will contest which would implicate a "no-contest" clause.

In considering a demurrer, the court must accept as true all material facts which are well pleaded but need not necessarily approve the conclusions of law stated by the pleader. *Votsis v. Ward's Coffee Shop*, 217 Va. 652, 652 (1977). The court finds that the facts alleged in the cross-bills, including by implication the express terms of the will and the bill of complaint, do not support a cause of action under the no-contest clause in question. The clause at issue does not ex-

pressly or by implication prohibit the filing of an action merely to construe a term of the will; and the bill of complaint in this case does not call into question any acts in making the will or its provisions, nor does it contest the will, its validity, its execution or any of its provisions.

The Court therefore sustains the demurrer. Because the Court makes this determination as a matter of law, leave to amend is not granted.