# CIRCUIT COURT OF FAIRFAX COUNTY

Best Medical
International, Inc.

v.

Robert Wittmer et al.

August 8, 2007

Case No. CL-2006-14367

BY JUDGE STANLEY P. KLEIN

The parties were previously before the court for oral argument on the defendants' demurrer to all counts of the plaintiff's Complaint. At the conclusion of the argument, the court ruled from the bench on the demurrer to Counts I through IV, but took the demurrer to Count V, aiding and abetting a breach of fiduciary duty, under advisement and requested supplemental briefing from counsel. After considering the parties' original memoranda, their oral arguments, and the supplemental materials filed, the court finds that, even if such a cause of action is recognized in Virginia, the plaintiff has failed to adequately plead a cause of action for aiding and abetting a breach of a fiduciary duty.

## I. *Background*

The plaintiff, Best Medical International, Inc. ("BMI"), and its subsidiary Best Industries, Inc. ("Best Industries") are Virginia corporations specializing in the field of brachytherapy. In 2000, defendant Robert Wittmer was hired as a Project Manager by Best Industries, at which time Wittmer and Best Industries executed an Employment Agreement. On March 3, 2000, Best Industries and Wittmer also executed a Confidentiality Agreement.

Wittmer worked for BMI and Best Industries until December 2004. During Wittmer's tenure with BMI, he rose from Project Manager to Vice-President of Operations and served as a member of the Board of Directors. Through Wittmer's role as Vice-President, he allegedly was privy to confidential information and trade secrets. This information included, but was not limited to: customer lists, special product package requirements, research and development done on new radiology products and product costs.

In October 2004, Wittmer allegedly formed defendant, Liberty Medical, L.L.C. ("Liberty Medical"), a medical device distribution and marketing business. BMI alleges that, in forming this business, Wittmer improperly used confidential and proprietary information gained from Wittmer's tenure at BMI, thereby breaching both the Confidentiality Agreement and Employment Agreement. In its Complaint against both Wittmer and Liberty Medical, BMI sought recovery for claims sounding in both contract and tort. The Complaint alleged the following five counts: (1) Breach of the Confidentiality Agreement; (2) Violation of the Virginia Uniform Trade Secrets Act; (3) Breach of Employment Agreement; (4) Breach of Fiduciary Duty; and (5) Aiding and Abetting Breach of Fiduciary Duty. The defendants demurred to all five counts of the Complaint, and the demurrer was sustained to Counts II, III, and IV and overruled as to Count I. The court now disposes of the demurrer to Count V.

## II. *Analysis*

BMI asserts that a claim for aiding and abetting a breach of fiduciary duty is properly actionable under Virginia law. In its demurrer to this count, Liberty Medical contends that such a cause of action is not cognizable under Virginia law and, even if it were, BMI has failed to allege the necessary elements to support such a cause of action.

The only Supreme Court of Virginia case cited by either side in both the initial and supplemental briefs submitted to the court is *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 604 S.E.2d 403 (2004). In *Halifax* the Court did not explicitly recognize a cause of action for aiding and abetting a breach of fiduciary duty, but merely adopted the trial court's reasoning and assumed *arguendo* for purposes of analysis that Virginia recognized such a cause of action. The Court determined that, if aider and abettor liability for a breach of fiduciary duty did exist in Virginia, the party asserting the cause of action

would need to plead (1) actual knowledge of the underlying fiduciary duty[1] and (2) actual knowledge of the breach of that fiduciary duty by the primary tortfeasor. *Id.* at 660, 604 S.E.2d at 412.

This two-prong test is entirely consistent with § 876(b) of the Restatement (Second) of Torts, which has recognized a cause of action for aiding and abetting the commission of a tort by another in such a context. That subsection of the Restatement reads as follows:

> § 876 Persons Acting in Concert.
> For harm resulting to a third person for the tortious conduct of another, one is subject to liability if he. . . .
> (b) *knows that the other's conduct constitutes a breach of duty* and gives substantial assistance or encouragement to the other so to conduct himself. . . .

Restatement (Second) of Torts § 876(b) (1965) (emphasis added).

Although, the strict *scienter* requirement imposed by both the *Halifax* Court and the Restatement on a party pleading aiding and abetting a breach of fiduciary duty requires pleading knowledge of both the fiduciary relationship and the breach of that fiduciary duty, the Complaint herein alleges neither. Indeed, Paragraph 43 of the Complaint alleges that "Liberty Medical *knew or should have known* that Wittmer owed BMI a fiduciary duty not to use or disclose BMI's trade secrets in order to copy BMI's products and target its customers for those brachytherapy accessories." Compl. at ¶ 43 (emphasis added). Similarly, Paragraph 44 of the Complaint alleges that "Liberty Medical *knew or should have known* that Wittmer was breaching his fiduciary duty to BMI by misappropriating confidential information and trade secrets in order to copy BMI's products and target its customers for those brachytherapy accessories." Compl. at ¶ 44 (emphasis added). The *Halifax* Court concluded, however, that "[a] person `knows' or has `knowledge' of a fact when he has *actual knowledge* of it." *Id.* at 660, 604 S.E.2d at 412 (emphasis added). Thus, BMI's allegations that Liberty

---

[1] *Augusta Mutual Ins. Co. v. Mason,* 274 Va. 199, 645 S.E.2d 290 (2007), recently decided by the Supreme Court of Virginia, raises a question of whether a plaintiff may plead a cause of action for breach of a fiduciary duty when that duty arises out of the parties' contractual relationship. Here, on the face of the Complaint, Wittmer's duty appears to arise only through the contracts he entered into with BMI. As that issue, however, has not been presented to the court, it will not be addressed further herein.

Medical "knew or should have known" of the fiduciary duty and the alleged breach of this duty are not sufficient to support a claim for aider and abettor liability against Liberty Medical.

Moreover, even if BMI had adequately pleaded Liberty Medical's actual knowledge of both the fiduciary duty and the breach of that duty, BMI would still be required to plead participation by at least two actors in the alleged tortious conduct. In order to support a claim of aiding and abetting, the *Halifax* Court implicitly recognized this requirement when it determined that the "plaintiff must assert that the *defendant* somehow recruited, enticed, or participated in the *fiduciary's* breach of its duty." *Id.* at 413, 604 S.E.2d at 661 (emphasis added).

The requirement that a minimum of two actors be involved in order to impose liability for aiding and abetting tortious conduct is further supported by the Restatement (Second) of Torts, which endorses the imposition of liability "for harm resulting to a third person from the tortious conduct of another . . . if [the aider and abettor] knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement *to the other* so to conduct himself. . . ." Restatement (Second) Torts § 876(b) (emphasis added).

While neither the *Halifax* Court nor the Restatement explicitly addressed the nature of the actors in an aiding and abetting a breach of fiduciary duty claim, it is long settled in Virginia that a corporation can act only through its officers and agents. (See *Richmond & Petersburg RR. v. Kasey*, 71 Va. (30 Gratt.) 218 (1878) (reasoning that a corporation could not act as a guarantor to sureties for the acts of the corporation's agents because a corporation only acts through its agents)). Here, the only tortfeasors alleged by BMI are Wittmer and the company he founded, Liberty Medical. No other actor is alleged to have participated in the aiding and abetting of Wittmer's breach of fiduciary duty. And, legally, Wittmer could not have aided and abetted himself. Therefore, under *Halifax* and the Restatement, the Complaint fails to sufficiently allege that two distinct actors participated in (1) breaching the fiduciary duty and (2) aiding and abetting the breach that duty. Hence, the Complaint fails to state a cause of action in Count V for this additional reason.

### III. *Conclusion*

BMI has failed to allege either (1) that any agent of Liberty Medical aided and abetted Wittmer knowing that Wittmer was then breaching an existing fiduciary duty or (2) that the agent of Liberty Medical so aiding

Wittmer was someone other than Wittmer himself. For both of these reasons, the court sustains the demurrer to Count V but grants the plaintiff leave to amend the Complaint, in accordance with the order of this court entered June 25, 2007.