# CIRCUIT COURT OF THE CITY OF RICHMOND

Theodore Sellman

v.

Florance Gordon Brown, P.C., et al.

November 18, 2010

Case No. CL09-4197

BY JUDGE BEVERLY W. SNUKALS

On November 3, 2010, the Court heard arguments on Defendants' Demurrer, Plea in Bar, and Motion Craving Oyer, and Plaintiff's Motion to Consolidate. Plaintiff has complied with Defendants' request craving oyer. For the purposes of these motions only, and by agreement of counsel, the Court has consolidated this case with the following cases currently pending: *Barbara Sellman v. Florance Gordon Brown, P.C., et al.*, Case No. CL09-4196; *Marjorie Bruce v. Florance Gordon Brown, P.C., et al.*, Case No. CL09-4198; and *Michael B. Sellman v. Florance Gordon Brown, P.C., et al.*, Case No. CL09-4199. For the reasons set forth below, the Court sustains the demurrer with leave to amend certain Counts and sustains the plea in bar with respect to one count only.

## I. *Facts*

This case tangentially involves Donald Lacey's Ponzi scheme in which Lacey and his various entities provided short-term loans to qualified borrowers for various real estate projects. Plaintiff, Theodore Sellman, invested $108,000 with Old Dominion Financial Services, Inc. ("Old Dominion"), a Virginia corporation that provided investment opportunities purported to be secured by real property. The additional plaintiffs to this consolidated motion similarly invested funds. Old Dominion would pool the investment money received from the plaintiffs and other clients to create investment accounts that were entitled to a fixed rate of short-term interest and a return of all invested money. Each account would be transferred to a borrower entity in the form of a mortgage loan. The borrower would execute a promissory note payable either to Old Dominion or the investors,

along with a deed of trust on real property to be obtained by the borrower using the invested money.

The borrowers that benefited from the plaintiffs' investments into Old Dominion, effectively a lender, comprised of entities all owned by Donald Lacey. Defendants Florance Gordon Brown, P.C., ("FGB") and attorney David Bernhardt provided legal representation and services to Lacey and his borrowing entities. Consequently, Bernhardt, as FGB's agent, prepared transactional documents for Lacey, serving as the trustee for all deeds of trust and as the settlement agent for these transactions. Plaintiffs essentially claim Defendants, in providing legal representation to Lacey, failed to disclose alleged potential conflicts of interest and acted to the plaintiffs' detriment, in violation of alleged fiduciary duties the Defendants allegedly owed to the plaintiffs.

## II. *Standard*

A demurrer alleges that "a pleading does not state a cause of action, or . . . fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273; see *Votsis v. Ward's Coffee Shop, Inc.*, 217 Va. 652, 654, 231 S.E.2d 236 (1977). In ruling on a demurrer, the "trial court is required to consider as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400 (1993). The filing of a demurrer, however, "does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). "A demurrer will be sustained when the pleading it challenges lacks 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Mark Five Construction, Inc. v. Castle Contractors*, 274 Va. 283, 287-88, 645 S.E.2d 475 (2007) (quoting *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122, 624 S.E.2d 1 (2006)).

## III. *Analysis*

Upon consideration of the briefs and supplemental arguments of counsel, the Court rules on the motions as follows as to each of the Counts of the Complaint.

### A. *Count I: Legal Malpractice*

In order to state a claim of legal malpractice, there must be privity between the attorney and the claimant. *Johnson v. Hart*, 279 Va. 617, 624-25, 692 S.E.2d 239 (2010); *Ayyildiz v. Kidd*, 220 Va. 1080, 1085-86, 266 S.E.2d 108 (1980). The plaintiffs have failed to allege any privity between the parties. Plaintiffs assert a third-party beneficiary theory in an attempt to

bypass the privity requirement. See, e.g., *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593 (1989) (upholding the trial court's order sustaining a demurrer to the plaintiff-grandchildren's claims against their grandparents' lawyer for their failure to establish themselves as third-party beneficiaries of the grandparents' wills and estate plans that contained provisions establishing a trust, the benefit of which would go to the grandchildren's parents in equal shares). However, Plaintiffs fail to identify any contract that is the basis of the third-party beneficiary theory. Plaintiffs fail to identify any provision that clearly confers upon them a direct benefit in any contract executed between the defendants and the plaintiffs, in the deeds of trust, or in the promissory notes. There is simply no allegation that when Donald Lacey retained Bernhardt, Lacey and the Law Firm agreed to bestow a direct benefit on Plaintiffs.

Further, Plaintiffs argue that "special circumstances" exist as an exception to the privity requirement. See, e.g., *Ayyildiz*, 220 Va. at 1085 ("Absent special circumstances, it generally is held an attorney can be liable for consequences of professional negligence only to a client. . . ." (quoting *Brody v. Ruby*, 267 N.W.2d 902, 906 (Iowa 1978))). Plaintiffs argue that either fraud or breach of fiduciary duties under the deed of trust constitute those special circumstances.

First, the deed of trust does not create an attorney-client relationship or a duty to the plaintiffs, other than the specific duties set out in the deed of trust and Va. Code § 55-59. Such duties only arise when the noteholder requests the trustee to take action. Plaintiffs' counsel represented that once Sellman requested Bernhardt to take action on the notes, a substitute trustee was appointed, which is permissible according to the terms of the deed of trust. Therefore, no duties on the trustee arose. Second, as to actual fraud, Plaintiffs have failed to allege fraud with particularity.

## B. *Count II: Breach of Fiduciary Duties As Settlement Agent*

Plaintiffs acknowledge that their claims against the Law Firm for breach of fiduciary duties as a settlement agent are time-barred with respect to each note dated prior to September 14, 2007, which is two years prior to the filing of the Complaint. Plaintiffs also concede the Complaint lacks facts sufficient to support the equitable tolling of the applicable statute of limitations. Consequently, the Court does not need to address the viability of this Count for breach of fiduciary duties on demurrer until it is evident that such claims survive a plea in bar.

## C. *Count IV: Fraud*

Plaintiffs claim damages only in terms of economic losses. To the extent that Plaintiffs assert constructive (i.e., negligent or innocent) fraud,

privity is required, and the economic loss rule applies to bar such an action. *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610 (2004) ("[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts.").

To the extent that Plaintiffs are attempting to assert an actual fraud claim, they have failed to allege facts with particularity. To state a claim for actual fraud, a plaintiff "must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218-19, 618 S.E.2d 316 (2005) (quoting *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 85, 515 S.E.2d 291 (1999)). Allegations of fraud must be alleged with particularity. *Ciarochi v. Ciarochi*, 194 Va. 313, 315, 73 S.E.2d 402 (1952) ("Where fraud is relied on, the bill must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence accordingly, and, since it must be clearly proved it must be distinctly stated." (quoting *Alsop v. Catlett*, 97 Va. 364, 370, 34 S.E. 48 (1899))). In this case, Plaintiffs have failed to allege particular facts for each element of actual fraud. For instance, Plaintiffs do not allege a false representation of material fact, such as a representation that Plaintiffs were adequately secured in their investment or that they could not lose their money, nor do they allege any facts showing the deliberate intent of the Law Firm and Bernhardt to make such representations.

## D. *Count III: Aiding and Abetting Fraud*

The plaintiffs appear to be making a claim for aiding and abetting a fraud. First, the Supreme Court of Virginia has not specifically recognized a claim of aiding and abetting a tort. See *Calderon v. Aurora Loan Serv.*, 2010 U.S. Dist. LEXIS 55602, at *19-20 (E.D. Va. June 3, 2010); *Tysons Toyota, Inc. v. Commonwealth Life Ins.*, 20 Va. Cir. 399, 400 (Fairfax Co. 1990). Secondly, because the fraud count fails for the reasons stated earlier, it cannot be saved by adding a separate count for aiding and abetting. *Tysons Toyota*, 20 Va. Cir. at 400. Finally, the cases cited by Plaintiffs involve claims for breach of fiduciary duties. See, e.g., *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 604 S.E.2d 403 (2004) (refusing to recognize a cause of action for aiding and abetting a breach of a fiduciary duty); *Best Med. Int'l, Inc. v. Wittmer*, 73 Va. Cir. 504 (2007) (declining to decide if a cause of action for aiding and abetting a breach of a fiduciary duty is cognizable under Virginia law). No such claim has been made in this case, and no facts supporting such a claim have been pleaded.

## IV. *Conclusion*

Therefore, the Court sustains the Defendants' Demurrer to all counts, with leave to amend to allege actual fraud with the requisite particularity with respect to Count I (Negligence: Legal Malpractice) under the theory that "special circumstances" exist and with respect to Count IV (Fraud). The Court sustains the Defendants' Plea in Bar as to Count II (Breach of Fiduciary Duty As a Settlement Agent) but grants leave to amend Count II with respect to identifying any notes dated on or after September 14, 2007. The Court dismisses Count III (Aiding and Abetting a Tort) with prejudice. The Court does not need to address the plea in bar with respect to Counts I and III at this time as these counts have been addressed on demurrer.